UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

KAREN JUNE,

                Plaintiff,

-against-

JUDGE JOHN S. LANSDEN; CLINTON GUTHRIE; ROBERT S. LENI, ESQ.; SHAPIRO, DICARO & BARAK LLC; NIRAV SHAH, ESQ.; CITY MARSHAL RICHARD A. CAPUONO; DAVID FERGUSON; ELLIS M. OYSTER, ESQ.; REALTY REHABBERS; KEMYON MORATOV; SEMYON MOROTOV,

                Defendants.

23-CV-1076 (JGK)

TRANSFER ORDER

---

JOHN G. KOELTL, United States District Judge:

    Plaintiff Karen June, who is a resident of Jamaica, Queens County, New York, brings this *pro se* action under 42 U.S.C. § 1983, and seeks emergency injunctive relief and money damages with regard to foreclosure proceedings involving real property located in Jamaica, Queens County, New York. Named as Defendants are Queens County Housing Court Judges John S. Lansden and Clinton Guthrie; Kemyon Morotov and Semyon Morotov of Realty Rehabbers; City Marshal Richard S. Capuano; Shapiro, DiCaro & Barak LLC and two of its attorneys, Robert S. Leni and Ellis M. Oyster; attorney Nirav Shah; and attorney David Ferguson.

    For the following reasons, this action is transferred to the United States District Court for the Eastern District of New York.

## DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be

brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that Defendants Lansden, Guthrie, the Morotovs, and Capuano reside in Queens County; Shapiro, Leni and Oyster reside in Monroe County, New York; Shah resides in Nassau County; and Ferguson resides in New York County. Plaintiff further alleges that Defendants violated her rights with regard to a foreclosure of real property located in Jamaica, Queens County, New York, and that the foreclosure proceedings either are or were pending in the Queens County Housing Court. Queens County falls with the Eastern District of New York. *See* 28 U.S.C. § 112(c).

The complaint contains specific allegations only as to Shapiro. According to Plaintiff, Shapiro: (1) "strung [her and her deceased husband] along knowing there would be no reasonable modification" of their mortgage payments; (2) failed to "submit an affidavit of Military Service," which was required because Plaintiff's husband was a combat veteran; and (3) submitted a false affidavit of service to the state court. (ECF 1 at 2-3.) According to Plaintiff, Defendants have harassed her, and are "employed, compensated, enriched, and [have been] rewarded by Bank of America." (*Id.* at 2.) Plaintiff seeks money damages, and an order from this court "vacat[ing]" state court orders and "restrain[ing]" the state court, attorneys, and "3rd party buyers" from "accessing or controlling the property. (ECF 2 at 2.)

It appears from the allegations of the complaint that all of the events or omissions underlying Plaintiff's claims arose outside this District, and that only one defendant, Ferguson, resides in this District.

Even if venue were proper here, however, the Court may transfer claims "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006). Moreover, courts may transfer cases on their own initiative. *See Bank of Am., N.A. v. Wilmington Trust FSB*, 943 F. Supp. 2d 417, 426 (S.D.N.Y. 2013) ("Courts have an independent institutional concern to see to it that the burdens of litigation that is unrelated to the forum that a party chooses are not imposed unreasonably on jurors and judges who have enough to do in determining cases that are appropriately before them. The power of district courts to transfer cases under Section 1404(a) *sua sponte* therefore is well established." (quoting *Cento v. Pearl Arts & Craft Supply Inc.*, No. 03-CV-2424, 2003 WL 1960595, at *1 (S.D.N.Y. Apr. 24, 2003))).

In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of the circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine & Gen. Ins. Co. v. LaFarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where the

plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under Section 1404(a), transfer appears to be appropriate in this case. The underlying events occurred in Queens County, where Plaintiff resides, where the real property is located, and where the foreclosure proceedings are pending. It is reasonable to expect that all relevant documents and witnesses also would be in Queens County. The Eastern District of New York thus appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Eastern District of New York. 28 U.S.C. § 1404(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. Whether Plaintiff is entitled to preliminary injunctive relief is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:  February 13, 2023
        New York, New York

_____
JOHN G. KOELTL
United States District Judge