UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

KAREN JUNE,

                Plaintiff,                      ORDER

                                                           23-cv-1428 (NRM) (SJB)

            -against-

MAGISTRATE JUDGE JOHN S. LANSDEN,
CLINTON GUTHRIE; ROBERT S. LENI, ESQ.,
SHAPIRO DiCARO & BARACK LLC, NIRAV
SHAH, ESQ., CITY MARSHAL RICAHRD A.
CAPUANO, DAVID FERGUSON, ELLIS M.
OYSTER, ESQ., REALTY REHABBERS, KEMYON
MOROTOV, SEMYON MURATOV, and ROBERT
S. LENI, ESQ.,

                Defendants.
------------------------------------------------------------------x

NINA R. MORRISON, United States District Judge:

      Plaintiff filed this action against judges, lawyers, and a law firm that were involved in foreclosure proceedings against her. Some of the Defendants have moved to dismiss. For the reasons that follow, these Defendants' motions are granted. Plaintiff is further directed to inform the Court whether she intends to proceed with her claims against the remaining Defendants.

## BACKGROUND

      Plaintiff, Karen June, filed the instant action *pro se* on February 8, 2023. Compl., ECF No. 1. Defendants are judges, lawyers, and a law firm that participated in foreclosure proceedings against her in Supreme Court of the State of New York, County of Queens. *Id.* at 3–4. She alleges that "Defendants are using a flurry of

1

antics trying to deprive and unlawfully us[e] the United States Court System to foreclose on plaintiff's property." *Id.* at 2. She seeks millions of dollars in damages as well as compensatory and punitive damages totaling several more million dollars and alleges violations of 42 U.S.C. § 1983, various Amendments of the U.S. Constitution, and "alleged crimes by the defendants", including deception, fraud upon the court, violation of oath of office, treason, conspiracy, grand theft, and fraud. *See generally* Compl.

On May 25, 2023, two of the Defendants — the Hon. John S. Lansden, Supervising Judge of the Housing Part of Queens County Civil Court, and the Hon. Clinton J. Guthrie, a Judge of the Housing Part of Queens County Civil Court — (collectively, "Judicial Defendants") filed a request for a pre-motion conference on a motion to dismiss. ECF No. 14. On August 2, 2023, Defendants Shapiro, DiCaro & Barak, LLC n/k/a LOGS Legal Group LLP, and Ellis M. Oster s/h/a Ellis M. Oyster, Esq. (collectively, "Lawyer Defendants") filed a request for a pre-motion conference on a motion to dismiss. ECF No. 25. In their letters, these Defendants assert, *inter alia*, that the Court lacks jurisdiction over Plaintiff's claims, and that Plaintiff has failed to state a claim that is cognizable under the law.

On August 29, 2023, the Court construed Defendants' request for a pre-motion conference as the motion itself and notified Plaintiff that the Court has construed Defendants' pre-motion conference letters, ECF Nos. 14, 19, and 25, as motions to dismiss them from this action. The Court directed Plaintiff to respond to Defendants' motions on or before September 13, 2023. Plaintiff did not respond to the motion and

2

on October 2, 2023, the Judicial Defendants moved for this Court to grant their unopposed motions.

## LEGAL STANDARD

"'When a motion to dismiss is unopposed, the failure to oppose itself does not justify dismissal.'" *Bueno Diaz v. Mercurio*, 442 F. Supp. 3d 701, 705 (S.D.N.Y. 2020) (quoting *Howard v. City of New York*, No. 11-cv-5899, 2012 WL 5816976, at *4 (S.D.N.Y. Nov. 14, 2012)). "Instead, a court must assess the sufficiency of the complaint 'based on its own reading of the pleading and knowledge of the law.'" *Id.* (quoting *Goldberg v. Danaher*, 599 F.3d 181, 184 (2d Cir. 2010)). "'If a complaint is sufficient to state a claim on which relief can be granted, the plaintiff's failure to respond to a Rule 12(b)(6) motion does not warrant dismissal.'" *Id.* (quoting *McCall v. Pataki*, 232 F.3d 321, 323 (2d Cir. 2000)).

## DISCUSSION

### I. The Judicial Defendants are Immune from Suit

Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009); *Ojeda v. Mendez*, No. 20-cv-3910, 2021 WL 66265, at *2 (E.D.N.Y. Jan. 7, 2021). "[E]ven allegations of bad faith or malice cannot overcome judicial immunity." *Bliven,* 579 F.3d at 209 (citations omitted). This is because "[w]ithout insulation from liability, judges would be subject to harassment and intimidation." *Young v. Selsky,* 41 F.3d 47, 51 (2d Cir. 1994).

3

Moreover, as amended in 1996, § 1983 provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Judicial immunity does not apply when the judge acts "outside" his judicial capacity, or when the judge takes action that, although judicial in nature, is taken "in the complete absence of all jurisdiction." *Mireles,* 502 U.S. at 12; *see also Bliven,* 579 F.3d at 209-10 (describing actions that are judicial in nature); *Haskell v. Cuomo*, No. 20-cv-3965, 2021 WL 861802, at *5 (E.D.N.Y. Mar. 8, 2021).

Plaintiff brings claims against the Judicial Defendants relating to their state court actions. Accordingly, the Court finds that they are immune from suit and dismisses the claims against them.

## II. Plaintiff's Claims Against the Lawyer Defendants are precluded by the *Rooker-Feldman* doctrine and *Younger abstention*

Plaintiff's claims against the Lawyer Defendants are precluded by the *Rooker-Feldman* doctrine. "The *Rooker–Feldma*n doctrine provides that federal courts lack jurisdiction over a case if the exercise of jurisdiction would result in reversal or modification of a state court judgment . . . . Where claims raised in a federal action are 'inextricably intertwined' with a state court's determination, dismissal of the federal claims for lack of jurisdiction pursuant to *Rooker–Feldman* is proper." *Botsas v. United States*, 5 F. App'x 69, 70 (2d Cir. 2001) (citation omitted). Where, as here, a federal suit functions as "a collateral attack on [a] state court foreclosure judgment," dismissal pursuant to the *Rooker-Feldman* doctrine is required. *Amissah v. Wells*

4

*Fargo*, No. 2:19-cv-4624, 2020 WL 868599, at \*4 (E.D.N.Y. Feb. 20, 2020). Each of Plaintiff's causes of action asks this Court to reexamine the core issues central to the state foreclosure action.

Furthermore, it is also well settled that judgments of foreclosure are fundamentally matters of state law. *See, e.g.*, *Worthy-Pugh v. Deutsche Bank Nat'l Tr. Co.*, 664 F. App'x 20, 21 (2d Cir. 2016) (summary order) (a district court lacks jurisdiction to invalidate a foreclosure judgment); *see also Hung v. Hurwitz*, No. 17-cv-4140, 2017 WL 3769223 at \*2 (E.D.N.Y. Aug. 29, 2017) ("[T]o the extent Plaintiffs seek to have the Court intervene in their dispute with Defendants regarding any foreclosure, the Court is without jurisdiction to grant Plaintiffs the relief they seek."); *Modica v. E. Sav. Bank*, No. 14-cv-1384, 2014 WL 1775553, at \*2 (E.D.N.Y. May 2, 2014) (federal court lacks jurisdiction over judgments of foreclosure, as they are "fundamentally matters of state law") (internal citation omitted); *Dockery v. Cullen & Dykman*, 90 F.Supp.2d 233, 236–37 (E.D.N.Y. 2000), *aff'd*, 2 F. App'x 78 (2d Cir. 2001) (finding that federal court lacked jurisdiction over claim that foreclosure was obtained by fraud).

To the extent Plaintiff seeks injunctive relief challenging a pending foreclosure action in state court, her claims must be dismissed pursuant to the abstention doctrine set out by the Supreme Court in *Younger v. Harris*, 401 U.S. 37 (1971). In *Sprint Commc'ns, Inc. v. Jacobs*, the Supreme Court limited the scope of the *Younger* abstention doctrine to three classes of state court proceedings: (1) "state criminal prosecutions"; (2) "civil enforcement proceedings"; and (3) civil proceedings that

5

"implicate a State's interest in enforcing the orders and judgments of its courts." 571 U.S. 69, 72–73, 78 (2013).

Plaintiff's earlier foreclosure action was a civil proceeding within the scope of *Younger*. "The *Younger* requirements 'are more than adequately satisfied' when mortgage foreclosure proceedings, which 'concern the disposition of real property and hence implicate important state interests[,]' are pending in state court, 'and there is no reason to doubt that the state proceedings provide [the would-be federal plaintiff] with an adequate forum to make the arguments he seeks to raise in [federal] court.'" *Latouche v. Wells Fargo Home Mortg. Inc.*, No. 16-cv-1175, 2017 WL 8776975, at *5 (E.D.N.Y. Aug. 25, 2017) (internal citations omitted). *See also Hall v. US Bank,* No. 20-cv-277, 2020 WL 705212, at *2 (E.D.N.Y. Feb. 12, 2020) (finding that plaintiff's request for injunctive relief, as part of his challenge to a pending foreclosure action in state court, must be dismissed pursuant to *Younger* doctrine); *Wenegieme v. US Bank Nat'l Ass'n*, No. 16-cv-2634, 2016 WL 3348539, at *2 (E.D.N.Y. June 9, 2016) (finding *Younger* abstention doctrine applicable where plaintiff sought "injunctive relief relating to the same property that is the subject of [an] underlying state court action").

Moreover, any request by the plaintiff for injunctive relief is further precluded by the Anti-Injunction Act, which provides that: "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. This provision applies when

6

the requested injunction would either stay the ongoing state proceedings or prevent the parties from enforcing an order that has already issued. *See Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 294 (1970). The Second Circuit has held that the Anti-Injunction Act applies to state court foreclosure proceedings. *See Ungar v. Mandell*, 471 F.2d 1163, 1165 (2d Cir. 1972) (holding that the Anti-Injunction Act did not permit injunction of state court foreclosure proceeding); *see also, e.g.*, *Walker v. Mirbourne NPN 2LLC*, No. 18-cv-5211, 2018 WL 4494875, at *3 (E.D.N.Y. Sept. 19, 2018); *Abbatiello v. Wells Fargo Bank, N.A.*, No. 15-cv-4210, 2015 WL 5884797, at *5 (E.D.N.Y. Oct. 8, 2015) (collecting cases).

Lastly, it is well established that judgments of foreclosure are fundamentally matters of state law. *See, e.g., Worthy-Pugh*, 664 F. App'x at 21 (a district court lacks jurisdiction to invalidate a foreclosure judgment); *see also Haziz-Ramadhan v. Specialized Loan Servicing, LLC*, No 2:23-CV-8900, 2024 WL 896837, at *4 (E.D.N.Y. Mar. 1, 2024) (no federal question jurisdiction over state court foreclosure proceedings); *Hung*, 2017 WL 3769223, at *2 ("[T]o the extent plaintiff seeks to have the Court intervene in his dispute with defendants regarding any foreclosure, the Court is without jurisdiction to grant plaintiff the relief he seeks.").

## CONCLUSION

For the foregoing reasons, the Court grants Defendants' motions to dismiss. Defendants the Hon. John S. Lansden, the Hon. Clinton J. Guthrie, Shapiro, DiCaro & Barak, LLC n/k/a LOGS Legal Group LLP, and Ellis M. Oster s/h/a Ellis M. Oyster, Esq. are dismissed from this case.

As to the remaining Defendants, Plaintiff is directed to file a status letter with the Court by October 30, 2024, as to why this action should not be dismissed for failure to prosecute. Plaintiff is notified that failure to do so will result in this action being dismissed for failure to prosecute the case. *See, e.g.*, *Mena v. City of New York*, No. 15-cv-3707, 2017 WL 6398728, at *2 (S.D.N.Y. Dec. 14, 2017) (finding dismissal under Rule 41(b) proper because, *inter alia*, "the Court is sufficiently persuaded that Plaintiff has abandoned this matter").

SO ORDERED.

*/s/ Nina R. Morrison*

NINA R. MORRISON
United States District Judge

Dated:   Brooklyn, New York
         September 27, 2024